T.C. Summary Opinion 2005-188

UNITED STATES TAX COURT

STEVEN F. DARTON AND PAULA V. JACOBS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6618-04S.                    Filed December 27, 2005.

Steven F. Darton and Paula V. Jacobs, pro se.

<u>Marion K. Mortensen</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue. The Court decides this case without regard to the burden of proof under sec. 7491.

Respondent determined a deficiency of $1,909 in petitioners' Federal income tax for the year 2002. The sole issue for decision is whether petitioners are entitled to the section 151 dependency exemption for one child for the taxable year 2002.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was Sandy, Utah.

Petitioner husband (petitioner) and Jacqueline Cornea (Ms. Cornea) were formerly married to each other and were divorced in December 1998. Five children were born of that marriage between 1980 and 1988. Petitioner thereafter married Paula Jacobs (petitioner wife). They filed a joint Federal income tax return for 2002.

On their joint Federal income tax return for 2002, petitioners claimed two of the five children as dependents, C.D. and S.D.[2] In the notice of deficiency, respondent disallowed the dependency exemption deduction claimed by petitioners for S.D. The basis for the disallowance was respondent's determination that Ms. Cornea was the custodial parent for S.D. during 2002, and thus she, not petitioner, was entitled to the dependency exemption for the year in question.

---

[2]The Court refers to the minor children by their initials.

Petitioner and Ms. Cornea entered into a Decree of Divorce (Decree) in the District Court of the Third Judicial District for Salt Lake County, Utah, on December 8, 1998. In the Decree, petitioner and Ms. Cornea agreed that petitioner would be awarded custody[3] of two of the children, including C.D., and Ms. Cornea would be awarded custody of two other children, including S.D. A fifth child was no longer a minor at the time of the divorce. The Decree included several pages outlining the exact dates each child would spend with both petitioner and Ms. Cornea, resulting in an almost equal share of physical custody.

With respect to dependency exemptions for tax purposes, the parties agreed that each was entitled to the dependency exemptions for the children they received custody of; however, the Decree further provided that petitioner could "purchase" a dependency exemption for either of the children in Ms. Cornea's custody for a specific tax year, if needed. To do so, petitioner was required to pay Ms. Cornea "the difference in her income tax obligations when taking the exemptions and when not taking the exemptions". Petitioner testified that he paid Ms. Cornea $500 in 2002 for the dependency exemption for S.D.

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152.

---

[3]Although petitioner had legal custody of C.D., petitioner and Ms. Cornea equally shared his physical custody.

Under section 152(a), the term "dependent" means, in pertinent part, a son or daughter of the taxpayer over half of whose support was received from the taxpayer. Sec. 152(a)(1). There is no dispute that S.D. is a dependent as defined in section 152.

In the case of a child of divorced parents, section 152(e)(1) provides in pertinent part that the dependency exemption is allowed to the "custodial parent". Section 1.152-4(b), Income Tax Regs., provides generally that the custodial parent is determined by the most recent decree of divorce in effect between the parties. In this case, there is also no dispute that the divorce decree designated Ms. Cornea as the custodial parent of S.D.; therefore, Ms. Cornea is generally entitled to the dependency exemption for S.D.

Although the custodial spouse is generally entitled to the dependency exemption, the "noncustodial parent" is allowed the dependency exemption if one of the three statutory exceptions in section 152(e) is satisfied. If an exception applies, the "noncustodial parent" (in this case, petitioner) is treated as providing over half of that child's support. As relevant here, section 152(e)(2) provides that, if "the custodial parent signs a written declaration", such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the

taxable year, then the noncustodial parent is entitled to the dependency exemption deduction for that year.

The "written declaration" is embodied in Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. That form consists of two parts, Part I, which is for release of the dependency exemption for the "current year", and Part II applies to releases for "future years". Both parts (if applicable) must be signed by the custodial parent releasing the exemptions, and each part requires the year or years (in the case of Part II) to which the exemption is released and the names of the dependents.

In this case, petitioner did not attach a copy of a completed Form 8332 to his 2002 Federal income tax return; however, he did present one to respondent on the morning of the trial, purportedly signed by Ms. Cornea. Respondent, however, ascertained prior to trial that Ms. Cornea had already claimed a dependency exemption for S.D. on her 2002 Federal income tax return; therefore, she could not release the dependency exemption to petitioner. Sec. 152(e)(2)(A)(ii).

Petitioner contends that S.D. spent equal time living with him, and he did in fact provide the child with over one-half of the child's support during 2002. Although petitioner and Ms. Cornea did go to great lengths to ensure S.D. would spend almost equal parts of the year with each of them, the divorce decree

lists Ms. Cornea as the custodial parent of S.D. and states that Ms. Cornea is entitled to the dependency exemption on her Federal income tax return for S.D. Neither the Internal Revenue Code nor this Court recognizes a taxpayer's ability to "purchase" a dependency exemption from the custodial parent. Furthermore, even if such an arrangement would be sanctioned, Ms. Cornea claimed the exemption on her return and was thus not able to release the exemption to petitioner. Respondent, therefore, is sustained. Petitioner is not entitled to the dependency exemption for S.D. claimed on his 2002 Federal income tax return.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>